# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LUIS ALEXANDER GARCIA PEACOT,

     Petitioner,

v.

          Case No. 1:26-cv-02291-MIS-KRS

WARDEN, Torrance County Detention
Facility; MARY DE ANDA-YBARRA, in
her official capacity as El Paso Field Office
Director of Enforcement and Removal
Operations; DAVID VENTURELLA, in his
official capacity as Acting Director of U.S.
Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as
U.S. Attorney General; and MARKWAYNE
MULLIN, in his official capacity as
Secretary of the Department of Homeland
Security,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Luis Alexander Garcia Peacot's Petition for a Writ

of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 15, 2026. The

federal Respondents filed a Response on August 3, 2026 ("Response").[1] ECF No. 6. Upon review

of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I.      Background

Petitioner is a noncitizen, Cuban national who has resided in the United States for at least two years.  Pet. at 5-6.  He filed an application for asylum in 2023, that is still pending. Id. at 4.  He has no criminal record.  Id. at 3.

Nevertheless, in April of 2026, Petitioner was detained by immigration officials and placed in immigration detention.  Id. at 7.  He has been in detention ever since, and it does not appear he has received a bond hearing before an immigration judge.  See id.; see generally Resp.  Petitioner is currently detained at the Torrance County Detention Center in Estancia, New Mexico.  Pet. at 1.

On July 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, ECF No. 1, to which the Government filed a Response, ECF No. 6.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

2

### III.    Discussion

Petitioner argues that he has no criminal history, poses no danger to the community, has a pending asylum application, and is a national of a country that has frayed political relationship with the United States, and, as such, he should be allowed to work through immigration proceedings outside of a detention setting. See Pet. at 3, 5-7. Given that Petitioner is proceeding pro se and the nature of his claims, the Court construes Petitioner's claims as an assertion that his detention without a bond hearing violates his Fifth Amendment Due Process rights.

Respondents state they are not submitting a brief in opposition detailing the facts and circumstances of this specific case, and "recognize that the Court may then decide to grant the Petition." Resp. at 1. However, Respondents argue that a bond hearing is a more appropriate form of relief. Id.

In Santillan Quiroz v. Mullin, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026).  Given that Petitioner has had an asylum application pending since 2023 and was apprehended within the interior of the U.S. in April of 2026, that appears to be precisely the situation presented by this case.  Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  Id. at *5, *16-17.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained—absent a final order

3

of removal—without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). Finally, the Court retains jurisdiction to ensure compliance with its Order.

**IV.   Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Luis Alexander Garcia Peacot from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE